### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW HAMPSHIRE

**Richard A. McMenamon II**

      v.                                      Case No. 21-cv-479-PB
                                                     Opinion No. 2023 DNH 044

**New Hampshire Department of**
**Health and Human Services**
**Commissioner Lori Shibinette, et al.**

### MEMORANDUM AND ORDER

Plaintiff Richard McMenamon II, proceeding pro se and in forma pauperis, brought suit under 42 U.S.C. § 1983 against three state actors within the New Hampshire Department of Health and Human Services. See Doc. 1 at 2, 4-5. McMenamon sought both monetary and injunctive relief, alleging that the defendants failed to appropriately enforce federal and state child protection laws, deprived him of certain federal benefits without due process, and retaliated against him for reporting child abuse. Doc. 7 at 10-11. Some of McMenamon's claims were dismissed following preliminary review, others were dismissed following a motion to dismiss, and the remainder were dismissed on summary judgment. See McMenamon v. Shibinette, 2022 DNH 151 at 5-6, 14. McMenamon's claims relating to the enforcement of child protection laws were dismissed following preliminary review because the relevant laws do not confer a private right enforceable under Section 1983.

Doc. 7 at 17. I later dismissed McMenamon's remaining claims for damages after concluding that he failed to demonstrate that the named defendants injured him directly through their own actions, as required to obtain monetary relief under Section 1983. McMenamon, 2022 DNH 151 at 5, 11-12. Finally, I dismissed McMenamon's claim for injunctive relief after finding that he did not establish a real and immediate threat of future harm and therefore lacked standing. Id. at 14.

The defendants now move for attorney's fees pursuant to 42 U.S.C. § 1988(b), claiming that McMenamon's suit was frivolous and brought in bad faith. Doc. 51 at 1-2. In support of their motion, the defendants argue that McMenamon lacked an evidentiary basis for his claims, as outlined in their motion for summary judgment. Id. at 2. The defendants also note that McMenamon was previously in a romantic relationship with one of the named defendants and argue that McMenamon's suit was an "attempt to express dissatisfaction with the termination of the relationship and to harass [his former partner]." Id. at 3.

Section 1988(b) authorizes courts to award attorney's fees to prevailing parties, including defendants, in actions brought under 42 U.S.C. § 1983. See Tang v. R.I. Dep't of Elderly Affairs, 163 F.3d 7, 13 (1st Cir. 1998). A court may award fees to a prevailing defendant if it "finds that [the plaintiff's] claim was frivolous, unreasonable, or groundless, or that the plaintiff

continued to litigate after it clearly became so." Hughes v. Rowe, 449 U.S. 5, 15 (1980) (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978)). "In determining whether this standard has been met, the court must assess the claim at the time the complaint was filed, and must avoid the post-hoc reasoning that, because the plaintiff did not ultimately prevail, the claim must have been frivolous, unreasonable or without foundation." Tang, 163 F.3d at 13. Where, as here, the complaint was brought by a pro se plaintiff, the court should not assume that the plaintiff "ha[s] the same ability as a plaintiff represented by counsel to recognize the objective merit (or lack of merit) of a claim." Miller v. L.A. Cnty. Bd. of Educ., 827 F.2d 617, 620 (9th Cir. 1987). "An unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims . . . even if the law or the facts are somewhat questionable or unfavorable at the outset of litigation[.]" See Hughes, 449 U.S. at 15. Thus, "attorney's fees should rarely be awarded against [pro se] plaintiffs." See id.

This is not such a rare case. At the time McMenamon brought suit, there was at least a plausible basis for his claims. See Doc. 7 at 14, 17-18. Indeed, the defendants do not dispute that McMenamon's federal benefits were discontinued for a period of time and concede that he offered at least some evidence that he was threatened after reporting child abuse. See Doc. 51 at 2; Doc. 38-1 at 11; see also Doc. 46-8 at 185. That McMenamon's

evidence was ultimately lacking is insufficient, particularly where, as here, the fatal evidentiary deficiencies flowed from relatively esoteric legal principles beyond the ken of most pro se litigants. See Hughes, 449 U.S. at 14-15.

Other than the lack of evidence, the only basis for the defendants' assertion that McMenamon's suit was frivolous is their allegation that it was brought to harass his former partner. But that assertion is entirely speculative, based solely on the fact that McMenamon and his former partner have a contentious relationship. Cf. Colombrito v. Kelly, 764 F.2d 122, 133 (2d Cir. 1985) (noting that "[h]ostility between parties or their counsel" is an insufficient basis upon which to conclude that litigation was brought in bad faith).

For the foregoing reasons, I deny the defendants' motion for attorney's fees (Doc. 51).

SO ORDERED.

/s/ Paul J. Barbadoro
Paul J. Barbadoro
United States District Judge

April 26, 2023

cc:    Richard A. McMenamon II, pro se
       Counsel of Record